J-S45029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS SHIELDS | : | No. 2990 EDA 2019 |

Appeal from the PCRA Order Entered September 19, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0001153-2013.

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED DECEMBER 18, 2020**

The Commonwealth of Pennsylvania appeals the order granting the petition filed by Thomas Shields pursuant to the Post Conviction Relief Act ("PCRA"),[1] which vacated his judgment of sentence and granted him a new trial.  We vacate the PCRA court's order and remand with instructions.

Shields was convicted in 2014 of aggravated assault, conspiracy to commit aggravated assault, and attempted kidnapping for ransom.[2]  His judgment of sentence became final in 2017, when our Supreme Court denied allowance of appeal.  ***See Commonwealth v. Shields***, 154 A.3d 857 (Pa.

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[2] One of Shields co-defendants is his brother, Charles Shields, who successfully filed a PCRA petition and was granted a new trial on similar grounds.  In a separate appeal pending before this panel, the Commonwealth has challenged the PCRA relief granted to Charles Shields.

Super. 2016) (unpublished memorandum), *appeal denied*, 166 A.3d 1228 (Pa. 2017). Shields filed a timely PCRA petition raising three claims of trial counsel ineffectiveness. On September 19, 2019, the PCRA court granted the petition, vacated the judgment of sentence, and ordered a new trial. The PCRA court did not indicate the basis for its grant of PCRA relief. On September 24, 2019, the Commonwealth filed a timely motion to reconsider in which it asserted that the PCRA court erred without first holding an evidentiary hearing or specifying the claim or claims on which it granted relief. On October 18, 2019, the Commonwealth filed a timely notice of appeal from the order granting PCRA relief.

On October 22, 2019, the PCRA court entered an order expressly granting the motion for reconsideration and scheduling an evidentiary hearing on the motion. However, because the Commonwealth had filed a notice of appeal four days earlier, the PCRA court lacked jurisdiction to rule on the motion for reconsideration. **See** Pa.R.A.P. 1701(a) (providing that "after an appeal is taken or review of a quasi judicial order is sought, the trial court or other government unit may no longer proceed further in the matter"); **see also Commonwealth v. Pearson**, 685 A.2d 551, 556-57 (Pa. Super. 1996) (holding that, pursuant to Pa.R.A.P. 1701(a), once a notice of appeal is filed, the lower court is divested of jurisdiction to act further in the matter).

The PCRA court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The

Commonwealth complied with that order. In its concise statement, the Commonwealth raised the following claims of error:

1    Whether the lower court erred in granting [Shields'] PCRA petition and awarding him a new trial, where the court did not hold an evidentiary hearing on [Shields'] claims or specify which of [Shields'] three separate claims supposedly entitled him to relief.

2    Whether the lower court erred in granting [Shields'] PCRA petition and awarding him a new trial, where [Shields] raised only boilerplate and undeveloped claims of ineffective assistance of trial counsel that failed at the inception to plead and offer to prove that he was entitled to relief.

3    Whether the lower court erred in granting [Shields'] PCRA petition where his first pled claim—that trial counsel was ineffective for not filing a motion to suppress evidence recovered during a search of [Shields'] cellphone—lacked merit because [Shields] failed to meet his preliminary obligation to establish a reasonable expectation of privacy in his voluntarily abandoned cellphone, and because [Shields] could not establish a lack of reasonable basis or prejudice.

4    Whether the lower court erred in granting [Shields] PCRA petition where his second pled claim—that trial counsel was ineffective for not objecting to comments made by the prosecutor during closing argument—lacked merit because counsel had no basis for objecting to the prosecutor's proper and relevant comment concerning the principle that the victim's record and character were not on trial and that the jury should not allow any lack of sympathy for him to enter their deliberations, and because [Shields] could not establish a lack of reasonable basis or prejudice.

5    Whether the lower court erred in granting [Shields'] PCRA petition where his third pled claim—that trial counsel was ineffective for not objecting to the trial court's jury instructions defining an "overt act" as an element of criminal conspiracy—lacked merit because the court's instructions accurately defined it as "an act to carry out or advance [the co-conspirators'] agreement" and properly distinguished it

> from a "substantial step" as an element of criminal attempt, and because [Shields] could not establish a lack of reasonable basis or prejudice.

Concise Statement, 11/25/19, at 1-3.

In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion. However, in its opinion, the PCRA court did not address any of the five discrete claims of error raised by the Commonwealth. Nor did the PCRA court indicate which of Shields' three ineffectiveness claims it found to be meritorious, such that Shields was entitled to PCRA relief. Rather, the PCRA court noted its prior scheduling of an evidentiary hearing, and stated that "this matter is stayed as a result of the instant appeal and the matter cannot move forward until this appeal is disposed of so that this Court may then hold an evidentiary hearing." PCRA Court Opinion, 2/10/20, at 8.

Pennsylvania Rule of Appellate Procedure 1925(b) provides that, upon receipt of a notice of appeal, a lower court may enter an order directing the appellant to file a concise statement of errors complained of on appeal "if the judge entering the order giving rise to the notice of appeal . . . desires clarification of the errors complained of on appeal." Pa.R.A.P. 1925(b). Thereafter, "if the reasons for the order do not already appear of record, [the judge entering the order giving rise to the notice of appeal] shall forthwith file of record at least a brief opinion of the reasons for the order, or for the ruling or other errors complained of, or shall specify in writing the place in the record where such reasons may be found." Pa.R.A.P. 1925(a).

Here, the PCRA court did not indicate in its September 19, 2019 order the basis on which it granted Shields' petition for PCRA relief. Nor did the PCRA court provide in its Pa.R.A.P. 1925(a) opinion the reasons for the rulings and errors complained of by the Commonwealth in its concise statement. Thus, our appellate review of the issues raised by the Commonwealth is hampered by our inability to determine which of Shields ineffectiveness claims the PCRA court found to be meritorious. We therefore remand for the PCRA court to issue a revised Pa.R.A.P. 1925(a) opinion addressing the issues raised in the Commonwealth's concise statement of errors complained of on appeal, and explaining the basis for its grant of PCRA relief to Shields.

Case remanded. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/20